PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiffs
QUAIS AMIN and ANTONIO QUISTIAN

*Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAIS AMIN and ANTONIO QUISTIAN,<br><br>           Plaintiffs,<br><br>    v.<br><br>INFUSION LOUNGE; C & L ASSOCIATES, INC. dba INFUSION LOUNGE; CHL INTERNATIONAL ASSOCIATES, INC.; C-TWO GROUP, INC.; SCOTT CAROEN; and DOES 1-10, Inclusive,<br><br>           Defendants. | Case No. C12-01031 DMR<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY** |

MANNING & KASS, ELLROD,
RAMIREZ, TRESTER LLP
RICHARD G. GARCIA, ESQ. (State Bar No. 198185)
One California Street, Suite 1100
San Francisco, CA 94111
Telephone: 415/217-6990
Facsimile: 415/217-6999
rgg@manningllp.com

Attorneys for Defendants
INFUSION LOUNGE; C & L ASSOCIATES,
INC. dba INFUSION LOUNGE; CHL
INTERNATIONAL ASSOCIATES, INC.;
C-TWO GROUP, INC.; and SCOTT CAROEN

1.      Plaintiffs QUAIS AMIN and ANTONIO QUISTIAN filed a Complaint in this action on February 29, 2012 to obtain recovery of damages for their discriminatory experiences, denial of access, and denial of their civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants C&L ASSOCIATES, INC. dba INFUSION LOUNGE; CHL INTERNATIONAL ASSOCIATES, INC.; C-TWO GROUP, INC.; and SCOTT CAROEN (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of September 17, 2011, and continuing. Plaintiffs have alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 124 Ellis Street, San Francisco, California.

2.      Plaintiffs and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation. Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1031 DMR
G:\DMRALL\CASES\CIVIL\2012\12-1031.DMR.Amin, et al\FILED.Order Granting Consent Decree.032513.doc

3.   The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55**.**

4.   In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.   This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' injunctive relief claims against Defendants that have arisen out of the subject Complaint.

- 3 -

6.     The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)     **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**, which is attached and incorporated herewith. Defendants also agree to the policy changes described in **Attachment B**. These policy changes will be implemented and enforced immediately upon the last Defendant's signature on this Consent Decree.

b)     **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 15 days of the entry of this Consent Decree by the Court.  Defendants will commence work within 20 days of receiving approval from the appropriate agencies.  Defendants will complete all work by August 31, 2013.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiffs' counsel in writing within 5 days of discovering the delay.  Plaintiffs will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice.  If the Parties cannot reach agreement

- 4 -

regarding the delay within an additional fifteen days, Plaintiffs may seek enforcement by the Court.  Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed, and in any case will provide a status report to Plaintiffs' counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

   c)  Defendants will notify Plaintiffs in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided.   If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiffs file a motion with the Court to obtain compliance with these terms, Plaintiffs reserve the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

   7.  The Parties have not reached any agreement regarding Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as

- 5 -

these issues remain unresolved.

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order and **Attachments A** and **B** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.      This Consent Decree and Order shall be binding on Plaintiffs, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.      Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience

- 6 -

some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs.

11.     Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, attorneys' fees,

- 7 -

litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.  Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

**TERM OF THE CONSENT DECREE AND ORDER:**

       12.    This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

- 8 -

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1031 DMR
G:\DMRALL\CASES\CIVIL\2012\12-1031.DMR.Amin, et al\FILED.Order Granting Consent Decree.032513.doc

Dated: March 7, 2013          PLAINTIFF QUAIS AMIN


                              _____/s/Quais Amin_____
                              QUAIS AMIN


Dated: March 7, 2013          PLAINTIFF ANTONIO QUISTIAN


                              _____/s/Antonio Quistian_____
                              ANTONIO QUISTIAN


Dated: March 7, 2012          DEFENDANT C&L ASSOCIATES, INC. dba
                                   INFUSION LOUNGE


                              _____/s/Elizabeth Rosas_____
                              Print name:  ELIZABETH ROSAS
                              Title: Representative


Dated: March 7, 2013          DEFENDANT CHL INTERNATIONAL
                                   ASSOCIATES, INC.


                              _____/s/Elizabeth Rosas_____
                              Print name:  ELIZABETH ROSAS_____
                              Title: Representative
_____


Dated: March 7, 2013          DEFENDANT C - TWO GROUP, INC.


                              _____/s/Elizabeth Rosas_____
                              Print name:  ELIZABETH ROSAS_____
                              Title: Representative

- 10 -

1

2

Dated: March 7, 2013          DEFENDANT SCOTT CAROEN

3

4

_____/s/Scott Caroen_____
SCOTT CAROEN

5

APPROVED AS TO FORM:

6

7

8

DATED:  March 7, 2013          **LAW OFFICES OF PAUL L. REIN**

9

By: _____/s/Catherine Cabalo_____
Catherine Cabalo, Esq.

10

Attorneys for Plaintiffs
QUAIS AMIN and ANTONIO QUISTIAN

11

12

13

DATED:  March 7, 2013          **MANNING & KASS, ELLROD, RAMIREZ,
TRESTER LLP**

14

15

By: _____/s/Richard Garcia_____
Richard G. Garcia, Esq.

16

Attorneys for Defendants
INFUSION LOUNGE; C & L ASSOCIATES,

17

INC. dba INFUSION LOUNGE; CHL

18

INTERNATIONAL ASSOCIATES, INC.;
C-TWO GROUP, INC.; and SCOTT CAROEN

19

20

21

22

23

24

25

26

27

28

- 11 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1031 DMR
G:\DMRALL\CASES\CIVIL\2012\12-1031.DMR.Amin, et al\FILED.Order Granting Consent Decree.032513.doc

1

## ORDER

2

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4

5

Dated: __O ctej ''47a, 2013      '''''''''''   _____

6

Honorable Donna M. Ryu
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1031 DMR
G:\DMRALL\CASES\CIVIL\2012\12-1031.DMR.Amin, et al\FILED.Order Granting Consent Decree.032513.doc